IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § § § § § | CASE NO. 23-60006-11 |
| TFRC ENTERPRISES LLC<br>*Debtor* | | CHAPTER 11 |

## STATE COURT-APPOINTED RECEIVER'S
## EMERGENCY MOTION TO DISMISS UNAUTHORIZED PETITION

**************************************************************************
**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**
**************************************************************************
**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Seth Kretzer ("Receiver"), as state court-appointed receiver,[1] files this emergency motion to dismiss the voluntary Chapter 11 petition filed in the name of TFRC Enterprises LLC on January 27, 2023, as an unauthorized and bad faith filing.

---

[1] On December 13, 2022, Mr. Kretzer was appointed as a turnover receiver over judgment debtor Richard J. Whitmore, II in the state court post-judgment action, *Shaw v. Whitmore*, No. 2014-01425A (11th Dist. Ct., Harris Cty. Tex.). The Order Appointing Receiver is attached hereto as Exhibit 1.

Emergency relief is requested on or before **February 1, 2023.** The reason is that the appointing state judge, Hon. Kristin Hawkins of the 11th Civil Court of Harris County, signed an order on January 24, 2023 which authorized the undersigned receiver to engage a realtor to sell a passel of rental properties in Sealy, Texas. This realtor intended to list and market the properties on the website the first week of February. Please note that Judgment Debtor Whitmore [the sole shareholder of TFRC Enterprises] did not object when Judge Hawkins held an oral hearing on this motion on January 23, 2023. However, this realtor is now not able to complete the task he was engaged to do [after the receiver who hired this realtor was specifically authorized to do so by his appointing judgment] because of the unauthorized petition *sub judice*.

That the filing was unauthorized is an understatement; Judge Hawkins' turnover order was pellucid in its Paragraph 18:

> 18. During the period of this receivership, all persons, including creditors, banks, investors, or others, with actual notice of this Order, are enjoined from filing a petition under the United States Bankruptcy Code without prior permission from this Court, or from prosecuting any actions or proceedings which involve the Receiver or which affect the property of the Debtor.

At no point did Mr. Whitmore appeal this interlocutory order to the First or Fourteenth Courts of Appeals, and it has long since become final.

### Summary

1.    Receiver asks the Court to dismiss the Chapter 11 petition filed by judgment debtor Richard J. Whitmore, II, as the sole member of TFRC Enterprises LLC ("TFRC"), because Mr. Whitmore has no authority to file a bankruptcy petition or retain counsel on behalf of TFRC

Enterprises LLC. The state court receivership order divested Mr. Whitmore of any authority to file bankruptcy on behalf of TFRC Enterprises LLC.

2.      The present Chapter 11 filing in the name of TFRC is a bad faith and vexatious misuse of the automatic stay by Mr. Whitmore merely to delay the post-judgment proceedings against him in state court.  Mr. Whitmore invoked the automatic stay only four days after the state court approved the Receiver's proposed sale of real estate belonging to TFRC, in order to gain an unfair advantage in what is essentially a two-party dispute between Mr. Whitmore and his judgment creditor, Frank Shaw. The schedules filed by Mr. Whitmore demonstrate there isn't any need for reorganization or any purpose for maintaining the automatic stay beyond Mr. Whitmore's desire to avoid the post-judgment orders entered against him in state court and to frustrate his personal creditors.

3.      In sum, the Court should dismiss the present Chapter 11 petition because it is an abuse of the automatic stay and a forum shopping device, filed solely for the personal benefit and advantage of Mr. Whitmore.

## JURISDICTION

4.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334(b) in that this action arises under, arises in and/or relates to a case pending under chapter 11 of title 11 of the Bankruptcy Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code").

5.      This motion is a core proceeding under 28 U.S.C. § 157(b)(A), (I). Accordingly, this Court may enter final orders and judgments under 28 U.S.C. § 157.

## OVERVIEW

I.      **Putative Debtor: TFRC Enterprises LLC**

6.      In 2011, as sole member-manager, Richard J. Whitmore, II ("Mr. Whitmore") formed the putative debtor, TFRC, a Texas limited liability company. (Ex. 2, Certificate of

3

Formation). Mr. Whitmore has been the only owner or manager of the company during its existence, and it has no employees. The only apparent purpose of TFRC is to hold and manage Mr. Whitmore's real estate investments.[2]

7. The Company Agreement of TFRC provides that Mr. Whitmore has the "sole and exclusive control of the management, business and affairs of the Company. . . ." (Ex. 3 at p. 8, § 6.01).

8. Previously, in 2022, TFRC sold three of its rental properties in Sealy for the combined price of approximately $405,000.

9. At present, TFRC owns 21 separate properties located in the Sealy, Texas. Of the 21 properties, 19 are single-family townhomes located in the Edgewood subdivision of Sealy. (Doc. 11–12). Based on information produced by Mr. Whitmore, it appears that 14 of the 19 single-family townhomes are occupied by tenants under one-year leases. The monthly rent varies by unit from $950.00, to as much as $1,334.00.

10. The monthly rents generated from these properties appears to generate positive monthly net cash flow after payment of operating expenses and loan interest.

II. **State Court Post-Judgment Litigation**

11. In September 2014, judgment creditor Frank Shaw obtained a money judgment against Mr. Whitmore in a state court action filed in the 11th Judicial District Court, Harris County, Texas.[3] The total face value of the judgment is $240,406.49, and it continues to accrue post-

---

[2] Mr. Whitmore has also represented that TFRC Enterprises LLC is the sole "general partner" of Easton Villages, LP, a Texas limited partnership, which formed in 2007.

[3] *Shaw v. Whitmore*, No. 2014-01425A (11th Dist. Ct., Harris Cty. Tex.).

judgment interest at annual rate of 18 percent, compounding annually. The balance of the judgment was $960,561.82 as of January 1, 2023. Mr. Whitmore has never paid any amounts toward the judgment.

12. On April 4, 2022, in post-judgment litigation, the trial court entered a charging order against Mr. Whitmore's membership interest in TFRC, thereby creating a lien on any distributions owed or payable to Mr. Whitmore. (Ex. 4, Charging Order).

13. On October 25, 2022, the state court ordered Mr. Whitmore to appear and show cause why he should not be held in contempt for violating a prior post-judgment discovery order. (Ex. 5, Show Cause Order).

14. On December 1, 2022, judgment creditor Frank Shaw filed a post-judgment petition asserting that Mr. Whitmore, TFRC, and two other companies controlled by Mr. Whitmore engaged in fraudulent transfers and violated the charging order against TFRC in order to avoid payment of the judgment against Mr. Whitmore. (Ex. 6, Post-Judgment Petition)

15. During show-cause proceedings in December 2022, the trial court entered a post-judgment injunction against Mr. Whitmore that enjoined him from, among other things, transferring funds of TFRC to any third parties, except for transactions in the ordinary course of business. (Ex. 7, Temporary Injunction at pp. 3–4). He was also enjoined from depositing or receiving the company's funds into his personal bank accounts. (*Id*. at p. 4). In support of the injunction, the court found there was credible evidence Mr. Whitmore violated the charging order against TFRC when he transferred funds from its bank accounts to his personal bank accounts. (*Id*. at p. 2, ¶¶ 5–6).

### III. Receivership

16. On December 13, 2022, the trial court appointed Seth Kretzer as a turnover receiver over Mr. Whitmore, including over any non-exempt property or businesses that Mr. Whitmore

owns, manages, or controls. (Ex. 1). The state court order vests title to all property, contracts, rights of action and all books and records of Mr. Whitmore and/or of any business operated by Mr. Whitmore in the Receiver. (Ex. 1 at ¶ 19). The state court order also prohibits Mr. Whitmore, and any business managed or operated by Mr. Whitmore, from taking any action in his name unless authorized by the Receiver (*Id*. at ¶ 13). Accordingly, the state court order subjects TFRC and its company assets and funds to turnover and management by the Receiver.[4] (*Id*. at ¶¶ 4, 11).

17. On January 23, 2023, the state court granted Receiver's application to authorize the sale of the 21 separate properties held by TFRC.[5] (Ex. 8, Order Approving Sale). The stated purpose of the proposed sale of real properties was to generate proceeds that could be used to satisfy the claims of Mr. Whitmore's creditors after first satisfying any creditors of TFRC.

18. Receiver subsequently executed listing agreements with Martha Turner Sotheby's International Realty ("Sotheby's") to list, market, and sell the properties for the combined price of $2,599,000.00. Receiver and his agents at Sotheby's have been working to prepare the properties for listing. For example, Receiver has hired a locksmith to change the door locks for each of the properties.

19. On January 25, 2022, Receiver directed one of Mr. Whitmore's attorney, Keith Donati, to turnover silver coins that were being stored in a safe at Mr. Donati's office. Mr. Whitmore had previously delivered the silver coins to Mr. Donati.

20. On January 27, 2022, despite his agreement and repeated assurances that he would cooperate in turning over Mr. Whitmore's silver coins, Mr. Donati refused to relinquish possession

---

[4] *See Bennett v. Baker Broocks & Lange, LLP*, No. 01-13-00674-CV, 2014 WL 3107661 at *2 (Tex. App.—Houston [1st Dist.] July 8, 2017, not pet.) (holding that receivership order against individual judgment debtor subjected his wholly-owned PLLC to the receiver's management).

[5] Neither Mr. Whitmore nor TFRC Enterprises LLC filed any response or briefs in opposition to the receivership order or to the Receiver's application to approve the sale of properties.

of the coins in his office that day. (Ex. 9, Email). Later that day, Mr. Donati represented that the coins were transferred to the possession of attorney Richard Lee Fuqua, II, the current bankruptcy counsel for TFRC. (*Id.*).

### IV. Unauthorized Chapter 11 Filing

21. On January 27, 2022, Mr. Fuqua filed the Chapter 11 bankruptcy petition on behalf of TFRC.

22. Mr. Fuqua did so with actual knowledge that Mr. Whitmore was subject to a receivership, but did not request or obtain prior approval from the Receiver to file the present Chapter 11. (Ex. 9). Instead, in filing the petition, Mr. Fuqua apparently relied on Mr. Whitmore's sworn statement that—by a resolution that he "adopted" as the sole managing member of the company on the same day as the filing—he "was authorized and directed to execute and deliver all documents necessary to perfect the filing of a Chapter 11 voluntary bankruptcy case on behalf of the company. . . ." (Doc. 1 at p. 6). Elsewhere under penalty of perjury, Mr. Whitmore attested that he had been authorized to file the Chapter 11 petition and schedules on behalf of the company. (Doc. 1 at p. 30). But at no point in time did Mr. Whitmore request or obtain approval from the Receiver to initiate Chapter 11 bankruptcy on behalf of TFRC.

23. Similarly, Mr. Fuqua's compensation disclosures provide that his law firm received $56,738.00 of funds/property from TFRC before filing. (Doc. 1 at p. 27). Again, Mr. Whitmore's declaration provides that, by his own same-day resolution, he was authorized and directed to employ Mr. Fuqua. (Doc. 1 at p. 6). This is despite the fact that two separate court orders barred Mr. Whitmore from transferring the very property he used to compensate Mr. Fuqua.

24. In sum, Mr. Whitmore, aided by his attorneys, initiated the Chapter 11 filing only four days after the state court approved the Receiver's application to list and sell the company's

7

real estate. Receiver's informed belief is that Mr. Whitmore did so only to frustrate and delay the sale of properties in order to avoid paying his judgment creditor.

25.     Mr. Whitmore cannot offer any viable proposal for a reorganization of the company, or any reason to believe that bankruptcy protection and the automatic stay serve the best interests of the estate or anyone other than Mr. Whitmore himself. According to the schedules certified by Mr. Whitmore, the value of TFRC's assets ($2,802,238.00) is more than ***six times*** greater than that of the company's liabilities ($435,493.26). (Doc. 1 at 25). With the scheduled unsecured claims totaling less than $20,000, each class of creditors and claims are adequately protected by over a million dollars in real estate equity. And all of the company's secured creditors are oversecured by wide margins.

26.     Receiver asks the Court to dismiss the Chapter 11 petition filed by Mr. Whitmore on behalf of TFRC as an unauthorized and bad faith filing. Receiver also requests that the Court consider sanctions against Mr. Whitmore and/or his attorneys for their flagrant abuse of the automatic stay.

**ARGUMENT & AUTHORITIES**

**I.     Cause for Dismissal**

27.     The Fifth Circuit and bankruptcy courts generally have long recognized that the Bankruptcy Code's definition of "cause" for dismissal is not exhaustive and that an unauthorized filing is a cause for dismissal. *Treen v. Orrill, Cordell, & Beary, LLC* (*In re Delta Starr Broad., LLC*), 422 Fed. Appx. 362, 368 (5th Cir. 2011) (citing *Price v. Gurney*, 324 U.S. 100, 106, 65 S. Ct. 513 (1945) (finding that bankruptcy petitions on behalf of a business entity may only be filed

by those who have authority to act for such entity under local law, and when such authority is lacking, the bankruptcy court does not acquire jurisdiction) and *In re Orchard at Hansen Park, LLC*, 347 B.R. 822 (Bankr. N.D. Tex. 2006); *see also Sino Clean Energy, Inc. v. Seiden* (*In re Sino Clean Energy, Inc.*), 901 F.3d 1139 (9th Cir. 2018) (former director lacked authority to file "rogue bankruptcy petition"); *In re Squire Court Partners Limited Partnership*, 574 B.R. 701 (Dist. E.D. Ark. 2017) (general partner lacked authority under the controlling agreement without the consent of limited partners); *In re NNN 123 North Wacker, LLC*, 510 B.R. 854 (Bankr. N.D. Ill. 2014) (voluntary petition not authorized in accordance with LLC agreement); *In re Mid-South Bus. Assocs.*, 555 B.R. 565 (Bankr. N.D. Miss. 2016) (holding that if the trial court "finds that those who purport to act on behalf of the corporation have not been granted authority by local law to institute the proceedings, it has no alternative to dismiss the petition").

28. The Bankruptcy Code provision that a Chapter 11 case may be dismissed for cause has been interpreted to include the lack of good faith in its filing. 11 U.S.C. § 1112(b); *see In re Humble Place Joint Venture,* 936 F.2d 814, 817 (5th Cir. 1991). "'Good faith' implies an honest intent and genuine desire on the part of the petitioner to use the statutory process to effect a plan of reorganization and not merely as a device to serve some sinister or unworthy purpose." *In the Matter of Metropolitan Realty Corp.*, 433 F.2d 676, 678 (5th Cir.1970).

II. **Authority to File**

29. "The Bankruptcy Code does not prescribe who has the authority to file a petition on behalf of a Debtor." *In re StatePark Building Group, Ltd.*, 316 B.R. 466, 471 (Bankr. N.D. Tex. 2004). Instead, the authority to file a bankruptcy petition on behalf of a debtor is determined by state law. *Price v. Gurney*, 324 U.S. 100, 106 (1945).

30. "Not only can a state court vest authority to file a bankruptcy petition for an entity debtor in a receiver, but it can also vest that authority *entirely* in the receiver, at the exclusion of

9

the prereceivership management of the entity debtor." *WC 1st and Trinity GP, LLC v. Milligan*, 2021 WL 6750934 at *2 (W.D. Tex. 2021) (original emphasis) (citing *Chitex Comm. v. Kramer*, 168 B.R. 587, 590 (S.D. Tex. 1994).

31. Here, the state court's Order Appointing Receiver, signed December 13, 2022, vested all powers to manage Mr. Whitmore's property and businesses (e.g., TFRC Enterprises LLC) in the Receiver. (Ex. 1 at ¶¶ 4, 11). The Order specifically enjoins all persons with actual notice of the Order "from filing a petition under the United States Bankruptcy Code without prior permission from the [state court], or from prosecuting any actions or proceedings which involve the Receiver or which affect the property of the [Mr. Whitmore]." (*Id*. at ¶ 18).

32. Mr. Whitmore thus lacked authority to file bankruptcy petitions on behalf of TFRC. *See In re StatePark Building Group, Ltd*., 316 B.R. 466, 471 (Bankr. N.D. Tex. 2004). ("Under Texas law, the appointment of a general receiver displaces and supercedes in its entirety the pre-receivership management of an entity."); *Chitex Comm. v. Kramer*, 168 B.R. 587, 590 (S.D. Tex. 1994) (holding president of entity debtor subject to receivership had no authority to file bankruptcy petition on behalf of entity debtor because authority resided only in receiver).

### III. Bad Faith

33. In determining whether the filing of a Chapter 11 petition was in good faith, this Court must look at "the debtor's financial condition, motives, and the local financial realities." *Matter of Little Creek Dev. Co*., 779 F.2d 1068, 1072 (5th Cir. 1986).

34. In *In re Sherwood Enterprises, Inc*., 112 B.R. 165 (Bankr. S.D. Tex. 1989), the bankruptcy court held that there was cause to dismiss the entity debtors' Chapter 11 petitions for bad faith where "the bankruptcy filing ha[d] been used as a litigation tactic in what is essentially a

two-party dispute." *Id*. at 171. There, a money judgment was entered against one of the individual owners of the entity debtors on claims that he mismanaged the entities. The individual judgment debtor subsequently filed for personal bankruptcy and, at the same time, filed Chapter 11 petitions on behalf of the entity debtors, only 16 days after the state court appointed a receiver over the entity debtors. *Id*. at 171 ("This court concludes that the Chapter 11 petition was filed by [individual debtor] in order to wrest control of the [entity debtors'] assets, cash and inventory away from the receiver appointed by the state court….").

35. Similarly, in *Chitex Commc'n, Inc. v. Kramer*, 168 B.R. 587 (S.D. Tex. 1994), the district court affirmed the dismissal of entity debtor's unauthorized Chapter 11 petition on grounds of bad faith. There, the owner/president of the corporate debtor filed for Chapter 11 after a state court, via the entry of a divorce decree against him, divested him of all authority to manage the corporation by transferring ownership of its shares to a court-appointed receiver. *Id*. at 590. In determining bad faith, the court found that the president of the corporate debtor knew or should have known that the divorce decree stripped him of all authority over the corporation, including authority to file the Chapter 11 petition in the name of the corporation. *Id*. The court also found that he brought Chapter 11 filing only to "controvert" the divorce decree against him. *Id*. The court went on to describe the Chapter 11 filing as "vexatious" and an "abuse of the automatic stay" because the corporate debtor failed to demonstrate any need for reorganization or any legitimate reorganization purpose. *Id*. at 591.

36. Again, Mr. Whitmore knowingly filed the present Chapter 11 petition without any authority to do so. Undeterred, and on the same day as the filing, Mr. Whitmore decided to adopt a "resolution" on behalf of TFRC in which he "authorized and directed" himself to initiate a Chapter 11 filing and retain Mr. Fuqua as bankruptcy counsel. (Doc. 1 at 6). This

37. Here, Mr. Whitmore wanted to stop the court-approved sale of the properties owned by TFRC, the proceeds of which could eventually be used to satisfy Mr. Shaw's judgment against him. Among other things, in recent post-judgment proceedings, the state court (i) sanctioned Mr. Whitmore for his abuse of the discovery process; (ii) enjoined him from transferring funds and property of TFRC to himself, finding there is credible evidence he fraudulently transferred funds; and (iii) further vested Receiver with title and authority to manage all property or businesses owned and controlled by Mr. Whitmore.

38. The state court's post-judgment orders against Mr. Whitmore are wholly valid and the result of his repeated violations of previous orders and bad faith conduct; and neither Mr. Whitmore nor TFRC have appealed or moved for reconsideration of any post-judgment rulings. Instead, Mr. Whitmore has caused TFRC Chapter 11 petition as a forum shopping device to avoid the post-judgment orders that he perceives to be unfavorable in his two-party dispute with his judgment creditor, Mr. Shaw.[6]

39. Moreover, the schedules certified by Mr. Whitmore and the circumstances surrounding the TFRC's business operations (i.e., as a holding company for rental properties) demonstrate that there is no legitimate reorganization purpose for TFRC. The schedules provide that each class of creditors is adequately protected, and there does not appear to be any likelihood that the company will become either insolvent or illiquid. In brief, there is no conceivable reorganization purpose. Mr. Whitmore is using the bankruptcy process as an artifice in his attempt to wrest control of the company's properties away from the Receiver and to thwart the court-approved sale.

---

[6] *See In re Gremillion*, 547 B.R. 196 (Bankr. E.D. La. 2016) ("A dismissal request based upon bad faith in filing has been deemed appropriate in a situation where the bankruptcy petition was filed 'as a forum shopping device.'").

12

40. Accordingly, Mr. Whitmore's lack of authority, the lack any legitimate reorganization purpose, and his use of the reorganization process to shield himself in his two-party dispute with his judgment creditor establish a *prima facie* showing of bad faith. *See In re Sherwood Enterprises, Inc.*, 112 B.R. at 172.

### REQUEST FOR EMERGENCY HEARING

41. Receiver requests an emergency hearing on this motion because Receiver has been charged by the state court with responsibility over 21 separate properties belonging to TFRC in Sealy, Texas, which were previously managed by Mr. Whitmore.

42. Of the 21 properties, there are 14 tenant-occupied townhomes. Receiver previously notified the tenants of the court-ordered receivership and directed all rent payments and other inquiries be made to the Receiver's office.

43. Receiver and TFRC are responsible for paying all ongoing utilities, taxes, repairs, and maintenance in connection with the properties, and Receiver has already incurred expenses in managing the properties. With the Chapter 11 filing and automatic stay, authority and responsibility for managing the properties and dealing with tenants are unclear. Vendors, taxing authorities, and tenants require certainty and predictability of payments and operations. Moreover, by court order and operation of law, Mr. Whitmore has been completely divested of any authority to manage the affairs of TFRC or its properties.

44. Receiver requests relief on an emergency basis to avoid harm to the tenants and properties in his charge and to prevent any further waste of the company's assets.

### RELIEF REQUESTED

45. For good cause, Receiver Seth Kretzer respectfully asks the Court to order dismissal of the Chapter 11 petition filed by Richard J. Whitmore, II on behalf of TFRC Enterprises LLC.

46. Receiver ask the Court to compel Mr. Whitmore to show his authority to represent and to file a bankruptcy petition on behalf of TFRC Enterprises LLC, pursuant to Federal Rule of Civil Procedure 11(b) and Bankruptcy Rule 9010(a).

47. Alternatively, Receiver asks the Court, after notice and a hearing, to order Mr. Whitmore to post a $100,000 cash bond immediately, or other suitable amount, to indemnify Receiver and TFRC Enterprises LLC for legal fees, costs, and expenses under 11 U.S.C. § 303(i)(1) and for possible proximate damages and punitive damages under 11 U.S.C. § 303(i)(2).

48. Cause exists sufficient to waive the requirement of Bankruptcy Rule 4001(a)(3), therefore allowing an order to be effective upon the Court's signature.

49. Receiver requests all other relief to which he is entitled.

Respectfully submitted,

**Law Office of Seth Kretzer**

/s/ Seth Kretzer
Seth Kretzer
State Bar No. 24043764
917 Franklin; Sixth Floor
Houston, TX 77002
Phone: (713) 775-3050
Email: seth@kretzerfirm.com

*SETH H. KRETZER, RECEIVER FOR RICHARD J. WHITMORE, II*

**CERTIFICATE OF CONFERENCE**

I attempted to confer with counsel for TFRC Enterprises LLC, Richard Fuqua, II, via written correspondence on January 29, 2023. Mr. Fuqua did not state whether his client was opposed or unopposed to foregoing motion or to a hearing on an emergency basis.

/s/ Seth Kretzer
Seth Kretzer

## **CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that a true, correct, and complete copy of the foregoing was transmitted via ECF on January 30, 2023.

/s/ Seth Kretzer
Seth Kretzer
