UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TFRC ENTERPRISES, LLC, | § | CASE NO. 23-60006 |
| | § | |
| DEBTOR | § | Chapter 11 |
| | § | |

**DEBTOR'S MOTION TO DISMISS
EMERGENCY MOTION OF STATE COURT-APPOINTED RECEIVER
TO DISMISS UNAUTHORIZED PETITION
AND, SUBJECT THERETO,
DEBTOR'S RESPONSE TO EMERGENCY MOTION OF
STATE COURT-APPOINTED RECEIVER
<u>TO DISMISS UNAUTHORIZED PETITION</u>**
[Relates to ECF 5, 6]

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING, AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE. IF YOU DO NOT TIMELY RESPOND, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, TFRC Enterprises, LLC (***"Debtor"***) and files this Motion to Dismiss the Emergency Motion of State-Court Appointed Receiver to Dismiss Unauthorized Petition and, subject thereto, Debtor's Response to Emergency Motion of State-Court Appointed Receiver to Dismiss

Unauthorized Petition filed by Seth Kretzer, Receiver and Frank Shaw's Joinder in the Receiver's Motion, and in support thereof, would respectfully show this Court as follows:

**Debtor's Motion to Dismiss Receiver's Emergency Motion**

1.  Debtor moves to dismiss the Emergency Motion of State-Court Appointed Receiver to Dismiss Unauthorized Petition (the ***"Motion"***) filed by Seth Kretzer, Receiver (the ***"Receiver"***) and Frank Shaw's Joinder in the Motion for lack of standing.

2.  Debtor is and has always been a Texas limited liability company since 2011.

3.  Richard J. Whitmore, II is the sole managing member of Debtor.

4.  On December 13, 2022, Mr. Kretzer was appointed as a receiver over judgment debtor Richard J. Whitmore, II in the state court post-judgment action, *Shaw v. Whitmore,* Cause No. 2014-01425A (11th District Court, Harris County, Texas).

4.  Mr. Whitmore is not a creditor of Debtor nor is the Receiver a creditor of Debtor.

5.  At best, under the state court charging order which attaches to Mr. Whitmore's membership interest in Debtor, the Receiver is a contingent beneficiary of a potential distribution to Mr. Whitmore upon the liquidation of the Debtor. Therefore, the Receiver lacks standing to appear or prosecute his emergency motion to dismiss the chapter 11 petition filed by Debtor in this proceeding.

**Debtor's Response to Receiver's Emergency Motion**

Subject to the above and foregoing Debtor's Motion to Dismiss the Emergency Motion of State-Court Appointed Receiver to Dismiss Unauthorized Petition, Debtor files this its Response to Receiver's Emergency Motion as follows.

**Introductory Section of Motion**

Debtor denies the allegations contained in the introductory paragraph of the Motion that the bankruptcy filing was unauthorized and denies the allegation that emergency relief on or before February 1, 2023 is necessary. Debtor admits Judge Hawkins entered a charging order in the state court proceeding against Richard J. Whitmore, II's interests in the Debtor. Debtor is without knowledge to admit or deny the allegations concerning facts pertaining to the Receiver's engagement of a realtor to sell real properties. Therefore, for pleading purposes, those allegations are denied. Debtor admits the allegation contained in the introductory paragraph of the Motion that Debtor's petition was filed on January 27, 2023. For further answer, the state court entered an order authorizing the Receiver to engage a realtor against judgment debtor, Richard Whitmore, as opposed to the Debtor in this case. Apparently, Richard Whitmore, the judgment debtor, did not object to the Receiver's motion to engage a realtor. Nonetheless, the properties the Receiver seeks to sell are owned by the Debtor herein and not Richard Whitmore. Additionally, the automatic stay is in effect as to any sale of Debtor's real properties. Debtor denies the remaining allegations contained in the introductory paragraph of the Motion.

1. Debtor admits the allegation contained in Paragraph 1 of the Motion that Richard J. Whitmore, II is the sole managing member of Debtor and denies the remaining allegations contained in Paragraph 1. For further answer, Debtor is not indebted to the Receiver, to Richard Whitmore or Frank Shaw. Debtor is a stranger to Richard Whitmore's relationship with Frank Shaw or the state court receiver.

2. Debtor admits the allegation contained in Paragraph 2 of the Motion that Debtor's petition was filed on January 27, 2023 after the state court entered an order authorizing the Receiver

to engage a realtor to sell Debtor's real properties. Debtor denies the remaining allegations contained in Paragraph 2 of the Motion.

  3. Debtor denies the allegations contained in Paragraph 3 of the Motion. For further answer, the only beneficiaries of the instant bankruptcy case are Debtor's creditors and investors.

  4. Debtor admits the allegations contained in Paragraph 4 of the Motion.

  5. Debtor admits the allegations contained in Paragraph 5 of the Motion.

  6. Debtor admits that TFRC is a debtor in bankruptcy, that Richard J. Whitmore, II caused the formation of TFRC in 2011, that TFRC is a limited liability company and has been authorized to business by the State of Texas since its inception in 2011. Debtor admits the allegation contained in the third sentence of Paragraph 6 of the Motion that TFRC was formed to own and manage real properties and denies the remaining allegations contained in Paragraph 6 of the Motion.

  7. Debtor denies the allegations contained in Paragraph 7 of the Motion as written but admits that the company agreement of Debtor provides that "the Managers shall have the sole and exclusive control of the management, business and affairs of the Company ..." (Ex. 3 at p. 8, § 6.01). Debtor further admits that Richard J. Whitmore, II is the sole managing member of the Debtor.

  8. Debtor admits the allegations contained in Paragraph 8 of the Motion.

  9. Debtor admits the allegations contained in Paragraph 9 of Motion that Debtor owns properties located in Sealy, Texas and that monthly rent varies unit by unit. Debtor denies the remaining allegations contained in Paragraph 9 of Motion. For further answer, Debtor responds that one tenant is a Section 8 housing tenant whose tenant issues, including major water leak and

inoperable HVAC, have been unaddressed by the Receiver since Receiver seized possession of the Debtor's assets including but not limited to the garnishment of all funds in Debtor's operating account.

10. Debtor admits the allegations contained in Paragraph 10 of Motion. For further answer, Debtor has been unable to collect current rents based upon Receiver's demand given to Debtor's tenants.

11. Debtor admits the allegations contained in the first sentence of Paragraph 11 of the Motion. Debtor admits the allegation contained in the second sentence of Paragraph 11 of the Motion that the judgment accrues interest. Debtor is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 11 of the Motion. Therefore, for pleading purposes, those allegations are denied.

12. Debtor admits the allegations contained in Paragraph 12 of Motion.

13. Debtor admits the allegations contained in Paragraph 13 of Motion.

14. Debtor admits the allegation contained in the first sentence of Paragraph 14 of the Motion that judgment creditor filed a post-judgment petition on December 1, 2022. Debtor denies the remaining allegations contained in Paragraph 14 of the Motion.

15. Debtor admits the allegation contained in Paragraph 15 of the Motion that the trial court entered a post-judgment injunction against Mr. Whitmore and that the terms of the injunction are set forth in the post-judgment injunction order. Debtor denies the remaining allegations contained in Paragraph 15 of the Motion. For further answer, based upon the Receiver's actions, Debtor denies that Mr. Whitmore was permitted to operate debtor in the ordinary course of business. For further answer, if the allegation by the Receiver that Mr. Whitmore had the ability to operate the

Debtor's business in the ordinary course of business is correct, then the Receiver is admitting that the Debtor by law was able to file bankruptcy proceedings for itself in order to preserve assets and protect its creditors.

16.     Debtor admits the allegations contained in Paragraph 16 of the Motion that the trial court appointed Seth Kretzer as a turnover receiver over Mr. Whitmore. Debtor denies the remaining allegations contained in Paragraph 16 of the Motion.  For further answer, by law, the order of the state court is limited by Texas statute and Fifth Circuit law to be a "charging order" only and not a seize and sell order with respect to this Debtor's assets.  *Thomas v. Hughes,* 27 F.4th 363, 367 (5th Cir. 2022); *Pajooh v. Royal West Investments LLC, Series E,* 518 S.W.3d 557, 562-563 (Tex.App. – Houston [1st Dist.] 2017, no pet.).

17.     Debtor admits the allegations contained in Paragraph 17 of the Motion that the state court granted Receiver's application to authorize the sale of real properties owned by Debtor, and denies all remaining allegations.

18.     Debtor is without sufficient information to either admit or deny the allegations contained in Paragraph 18 of the Motion.  Therefore, for pleading purposes, those allegations are denied.

19.     Debtor admits that it had previously delivered its silver coins to Keith Donati, an attorney.

20.     Debtor is without sufficient information to either admit or deny the allegations contained in Paragraph 20 of the Motion.  Therefore, for pleading purposes, those allegations are denied.  For further answer, Debtor retained Richard Fuqua on January 26, 2023 and Fuqua & Associates received possession of the Debtor's silver coins as a retainer for services to be rendered

for Debtor from Debtor's representative on January 27, 2023.

21.   Debtor admits the allegations contained in Paragraph 21 of the Motion.

22.   Debtor admits the allegations contained in Paragraph 22 of the Motion.

23.   Debtor admits the allegations contained in the first and second sentences of Paragraph 23 of the Motion.  Debtor denies the allegations contained in the third sentence of Paragraph 23 of the Motion.

24.   Debtor admits the allegations contained in the first sentence of Paragraph 24 of the Motion that Debtor filed its chapter 11 petition on January 27, 2023 which was after the state court approved the Receiver's application to sell Debtor's real properties.  Debtor denies the remaining allegations contained in Paragraph 24 of the Motion.

25.   Debtor denies the allegations contained in the first sentence of Paragraph 25 of the Motion.  Debtor denies the allegations contained in the second sentence of Paragraph 25 of the Motion.  Debtor denies the allegations contained in the third sentence of Paragraph 25 of the Motion. Debtor denies the allegations contained in the fourth sentence of Paragraph 25 of the Motion. For further answer, after extensive analysis and review by counsel for the Debtor, Debtor has filed amended schedules that more accurately reflect the assets and liabilities of the Debtor *[Dkt. No. 10]*.

26.   Paragraph 26 of the Motion does not contain any allegations of fact; therefore, no response is required.  To the extent Paragraph 26 may be construed as containing any factual allegations, Debtor denies same.

27.   Paragraph 27 of the Motion does not contain any allegations of fact; therefore, no response is required.  To the extent Paragraph 27 may be construed as containing any factual allegations, Debtor denies same.

28. Paragraph 28 of the Motion does not contain any allegations of fact; therefore, no response is required. To the extent Paragraph 28 may be construed as containing any factual allegations, Debtor denies same.

29. Paragraph 29 of the Motion does not contain any allegations of fact; therefore, no response is required. To the extent Paragraph 29 may be construed as containing any factual allegations, Debtor denies same.

30. Paragraph 30 of the Motion does not contain any allegations of fact; therefore, no response is required. To the extent Paragraph 30 may be construed as containing any factual allegations, Debtor denies same. For further answer, any charging order utilizing a receivership is limited in the scope of control a receiver may exercise against a non-debtor and its assets. *Thomas v. Hughes,* 27 F.4th 363, 367 (5th Cir. 2022); *Pajooh v. Royal West Investments LLC, Series E,* 518 S.W.3d 557, 562-563 (Tex.App. – Houston [1st Dist.] 2017, no pet.).

31. Debtor denies as pleaded the allegations contained in the first sentence of Paragraph 31 of the Motion. Debtor admits the allegations contained in the second sentence of Paragraph 31 of the Motion. For further answer, the assets of the Debtor are not assets of Richard Whitmore. Mr. Whitmore's equity security interest in the Debtor remains unimpaired by virtue of this Debtor's bankruptcy. And, a fortiori, the assets of Mr. Whitmore remain unimpaired as a result of the instant bankruptcy filing

32. Debtor denies the allegations contained in the Paragraph 32 of the Motion.

33. Paragraph 33 of the Motion does not contain any allegations of fact; therefore, no response is required. To the extent Paragraph 33 may be construed as containing any factual allegations, Debtor denies same.

34. Paragraph 34 of the Motion does not contain any allegations of fact; therefore, no response is required. To the extent Paragraph 34 may be construed as containing any factual allegations, Debtor denies same.

35. Paragraph 35 of the Motion does not contain any allegations of fact; therefore, no response is required. To the extent Paragraph 35 may be construed as containing any factual allegations, Debtor denies same.

36. Debtor denies the allegations contained in the first sentence of Paragraph 36 of the Motion. Debtor admits the allegations contained in the second sentence of Paragraph 36 of the Motion.

37. Debtor admits the first clause in Paragraph 37 of the Motion that Chapters 101 and 153 of the Texas Business Organizations Code prevent the state court receiver from liquidating this Debtor's assets so that the unrelated state court judgment could be paid. Debtor denies the remaining allegations contained in Paragraph 37 of the Motion.

38. Debtor admits the allegations contained in the first sentence of Paragraph 38 of the Motion that the state court's post-judgment orders against Mr. Whitmore are valid and have not been appealed. Debtor denies all remaining allegations contained in Paragraph 38 of the Motion.

39. Debtor denies the allegations contained in Paragraph 39 of the Motion.

40. Debtor denies the allegations contained in Paragraph 40 of the Motion.

41. Paragraph 41 of the Motion does not contain any allegations of fact; therefore, no response is required. To the extent Paragraph 41 may be construed as containing any factual allegations, Debtor denies same.

42. Debtor neither admits nor denies the allegations contained in the first sentence of Paragraph 42 of the Motion. For further answer, the actions admitted by Receiver acknowledge that his conduct thus far is far in excess of action permitted against the Debtor pursuant to Texas law regarding charging orders. *Thomas v. Hughes,* 27 F.4th 363, 367 (5th Cir. 2022); *Pajooh v. Royal West Investments LLC, Series E,* 518 S.W.3d 557, 562-563 (Tex.App. – Houston [1st Dist.] 2017, no pet.).

43. Debtor denies the allegations contained in the first sentence of Paragraph 43 of the Motion. For further answer, only Debtor is responsible for the payment of its operating expenses. However, the funds seized by the Receiver prevent the Debtor from operating its business and necessitated the filing of the instant proceeding to protect the creditors of Debtor from substantial and irreparable loss based solely on the Receiver's actions.

44. Paragraph 44 of the Motion does not contain any allegations of fact; therefore, no response is required. To the extent Paragraph 44 may be construed as containing any factual allegations, Debtor denies same.

45. Paragraph 45 of the Motion does not contain any allegations of fact; therefore, no response is required. To the extent Paragraph 45 may be construed as containing any factual allegations, Debtor denies same.

46. Paragraph 46 of the Motion does not contain any allegations of fact; therefore, no response is required. To the extent Paragraph 46 may be construed as containing any factual allegations, Debtor denies same. For further answer, as admitted by the Receiver in Paragraph 6 of his Motion, Mr. Whitmore is the Debtor's sole authorized representative.

47. Paragraph 47 of the Motion does not contain any allegations of fact; therefore, no response is required. To the extent Paragraph 47 may be construed as containing any factual allegations, Debtor denies same.

48. Debtor denies the allegations contained in Paragraph 48 of the Motion.

49. Paragraph 49 of the Motion does not contain any allegations of fact; therefore, no response is required. To the extent Paragraph 49 may be construed as containing any factual allegations, Debtor denies same.

WHEREFORE, PREMISES CONSIDERED, Debtor prays that Debtor's Motion to Dismiss the Emergency Motion of State-Court Appointed Receiver to Dismiss Unauthorized Petition be granted and that the Emergency Motion of State-Court Appointed Receiver to Dismiss Unauthorized Petition be dismissed; that all relief requested in the Emergency Motion of State-Court Appointed Receiver to Dismiss Unauthorized Petition be denied; that Receiver take nothing; and that Debtor be awarded such other and further relief to which it may be justly entitled and this Court permit the Debtor to be administered in accordance with the applicable provisions of the Bankruptcy Code.

Dated:  February 16, 2023

    Respectfully submitted,

    FUQUA & ASSOCIATES, PC

BY:    */s/ Richard L. Fuqua*
    Richard L. Fuqua
    State Bar No. 07552300
    8558 Katy Freeway, Suite 119
    Houston, TX 77024
    (713) 960-0277  Telephone
    (713) 960-1064   Facsimile
    Fuqua@fuqualegal.com
    Counsel for Debtor

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2023, a true and correct copy of the foregoing pleading was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system and additionally on the following parties by email, the Court's ECF and/or by United States Mail, first class, postage prepaid:

Law Office of Seth Kretzer
Seth Kretzer
917 Franklin, Sixth Floor
Houston, Texas 77002
Email: seth@kretzerfirm.com

Poupore Law Firm PLLC
Jourdain Poupore
3233 W. Dallas St., Suite 313
Houston, Texas 77019
Email: jourdain@poupore.law

                                                */s/ Richard L. Fuqua*
                                                Richard L. Fuqua